Eric B. Hull (#291167)
KERCSMAR FELTUS & COLLINS PLLC
8200 Wilshire Boulevard, Suite 222
Beverly Hills, California 90211
Telephone: (310) 928-7885
Facsimile: (480) 421-1002
ebh@kfcfirm.com
*Attorneys for Defendants Harvey Belfer,
Todd Belfer, and To Be Limited
Partnership*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

| | |
|---|---|
| PARAGON TECHNOLOGY & DEVELOPMENT, INC., a Delaware Corporation; GATSBY ENTERPRISES, INC., a California Corporation<br><br>Plaintiffs,<br><br>v.<br><br>HARVEY BELFER, an Individual; TODD BELFER, an Individual; TO BE LIMITED PARTNERSHIP, an Arizona Limited Partnership; and DOES 1-10,<br><br>Defendants. | Case No. 2:21-cv-02547-JFW-MAA<br><br>**DEFENDANTS' NOTICE OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND MEMORANDUM IN SUPPORT**<br><br>District Judge: Hon. John F. Walter<br>Hearing Date: October 18, 2021<br>Time: 1:30 p.m.<br>Place: Courtroom 7A<br>350 West 1st Street<br>Los Angeles, CA 90012<br>Action Filed: March 23, 2021<br>Trial Date: Not set |

1

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on October 18, 2021 at 1:30 p.m. in Courtroom 7A of the above-captioned courthouse located at 350 West 1st Street, Los Angeles, California 90012, the Honorable Judge John F. Walter presiding, Defendants Harvey Belfer, Todd Belfer, and To Be Limited Partnership ("Defendants") will, and hereby do, move the Court pursuant to Federal Rule of Civil Procedure 12(b)(2) for an order dismissing the Complaint for lack of personal jurisdiction.

Defendants request that the Court dismiss the Complaint filed by Plaintiffs Paragon Technology & Development, Inc. and Gatsby Enterprises, Inc. ("Plaintiffs") for lack of personal jurisdiction, pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure, because Plaintiffs cannot satisfy the test for personal jurisdiction established in *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004). First, as alleged in the Complaint, Defendants are citizens of Arizona and have not directed their activities towards California. Second, because Plaintiffs' claims arise entirely out of events that took place in Arizona, rather than California, the claims do not arise out of or relate to the Defendants' forum-related activities. Furthermore, based on the circumstances described in the Complaint, the exercise of jurisdiction would not be reasonable.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place telephonically on August 11, 2021. A second conference took place with new counsel on August 31, 2021.

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities, the accompanying Proposed Judgment, the pleadings and papers in this action, and on such other evidence and argument as may be presented at the hearing.

DATED this 15th day of September 2021,

                        KERCSMAR FELTUS & COLLINS PLLC

                        By: *s/ Eric B. Hull*
                            Eric B. Hull
                            8200 Wilshire Boulevard, Suite 222
                            Beverly Hills, California 90211

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

As alleged in the Complaint, all of the defendants are Arizona residents. All of the events in the Complaint are alleged to have taken place in Arizona—where Plaintiffs apparently repeatedly traveled to conduct business with Defendants, not *vice versa*. None of the allegations provide even a hint at the jurisdictional link tying Harvey Belfer and Todd Belfer to California (indeed, Todd Belfer is barely mentioned in the Complaint). Accordingly, the jurisdictional elements of the Complaint fall woefully short of the standard set in *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797 (9th Cir. 2004).

At bottom, this Complaint represents an unmeritorious effort to obtain leverage in the related case, *To Be Limited Partnership v. Jude Hudson, et al.* (C.D. Cal. Case No. 2:20-cv-03238) (the "Derivative Action"). This Complaint was filed in March 2021 but wasn't served until July 2021. Plaintiffs ultimately served this Complaint just before trial in the Derivative Action, solely to drive up Defendants' litigation costs.

Because this Complaint is simply a litigation tactic stemming from the Derivative Action, it is little wonder that the jurisdictional elements are given short shrift. The Court should dismiss the Complaint pursuant to Rule 12(b)(2).

## II. FACTUAL ALLEGATIONS

### A. Pleaded Jurisdictional Allegations

The Complaint alleges, correctly, that Defendants Harvey Belfer and Todd Belfer (the "Belfers" or the "Individual Defendants") are both citizens of Arizona. (Compl. ¶¶ 5-6.) The Complaint further alleges that Defendant To Be Limited Partnership ("TBL") "is an Arizona limited partnership with its principal place of business in Maricopa County, Arizona," and that all of its partners are citizens of Arizona. (Compl. ¶ 7.) Despite these facts, Plaintiffs baldly assert that California has personal jurisdiction over the Defendants. (Compl. ¶ 12.) Specifically, Plaintiffs assert that the Belfers are subject to personal jurisdiction in California

because they have entered into agreements with Plaintiffs doing business in California, and have visited California "on numerous occasions for the purpose of doing business with Plaintiffs." (Compl. ¶ 12.) The Complaint does not provide any facts regarding these "visits" or "agreements" and the issue does not arise in the remainder of the Complaint.

As for TBL, Plaintiffs assert that it has "consented" to this Court's jurisdiction by virtue of an amended and restated promissory note dated August 29, 2019. (Compl. ¶ 12.) Yet at the same time, Plaintiffs admit that all but one of the loans at issue in their Complaint was governed by Arizona law—including four loans that were never incorporated into the amended and restated promissory note. (*See* Compl. ¶¶ 18, 20-21, 32.)

### B. The Allegations Central to Plaintiffs' Claims

Plaintiffs' claims are based on alleged events that, as the Complaint acknowledges, took place in Arizona. Plaintiffs' fraud claim against Harvey Belfer turns on discussions held over breakfast at Harvey Belfer's Scottsdale restaurant, Morning Squeeze. (Compl. ¶¶ 58-78.) Specifically, Plaintiffs allege that during a conversation in April 2017, Harvey Belfer made promises intended to induce Plaintiffs' owner and director, Jude Hudson, to enter into an agreement under which TBL would receive 10% equity in Paragon. (Compl. ¶¶ 69-73.) Importantly, Plaintiffs concede the "verbal conversation and Harvey Belfer's verbal promises were memorialized in a written loan agreement . . . ." (Compl. ¶ 62.) According to the Complaint, that loan agreement was with TBL, not Harvey Belfer. (Compl. ¶ 18.)

Plaintiffs further allege that during another breakfast meeting at the Morning Squeeze on December 1, 2017 (once again, in Scottsdale, Arizona), Harvey Belfer "threatened Hudson's physical safety" in response to a question about the interest on a loan. (Compl. ¶ 77.) Plaintiffs allege that Harvey Belfer "intended that Hudson and Plaintiffs rely on his promises," as made at the

5

Scottsdale breakfast meetings, "to enter into the written agreement." (Compl. ¶ 80.) Plaintiffs' conversion claim similarly relies on the December 1, 2017 meeting between Hudson and Harvey Belfer (Compl. ¶ 105), which Plaintiffs allege took place at the Morning Squeeze in Scottsdale. (Compl. ¶ 77.)

Plaintiffs' breach of contract claim is premised on violation of an April 18, 2017 agreement. (Compl. ¶¶ 110-117). Even though Plaintiffs admit the written agreement states an interest rate of 15% (*see* Compl. ¶ 18), Plaintiffs allege the rate "should" have been 10%. (Compl. ¶ 113.) Once again, the events are alleged to have taken place over breakfast at the Morning Squeeze in Scottsdale, Arizona. (Compl. ¶¶ 68-76).

Defendant Todd Belfer's name is almost wholly absent from the Complaint. Plaintiffs include a fraud claim against Todd Belfer which turns on allegations that Todd Belfer "recommended to Hudson that he retain Weiss Brown, an Arizona law firm." (Compl. ¶¶ 86, 88.) Of course, that recommendation is alleged to have occurred during a February 2019 meeting at, once again, the Morning Squeeze in Scottsdale, Arizona, and Plaintiffs note that Weiss Brown is a "Scottsdale law firm." (Compl. ¶ 39.) Plaintiffs allegedly retained Weiss Brown on February 11, 2019, after which Weiss Brown allegedly prepared "extraordinarily one-sided loan documents" which would have benefitted Defendants at Plaintiffs' expense—but those documents were never signed. (Compl. ¶¶ 89, 92, 96.)

Plaintiffs also assert several allegations regarding a purported "conspiracy to take over Plaintiffs" that are seemingly disconnected from any claims in the Complaint. But even those allegations suggest that Defendants and their "co-conspirators" attempted "to set up a competing entity . . . *in Arizona*." (Compl. ¶ 35 (emphasis added).) And *nearly all* of the loans that Plaintiffs allege were "usurious" were governed by Arizona law. (Compl. ¶¶ 18, 21.) Although some of the loans were later incorporated into an amended and restated promissory note under California law, some were not—and Plaintiffs make no allegation that the

amended and restate promissory note retroactively applied California law to the Arizona notes. In fact, four loans, dated April 25, 2014, October 1, 2015, December 2, 2016 and July 31, 2019, were *not* incorporated into the amended and restated promissory note, and are unquestionably subject to Arizona law today. (Compl. ¶¶ 18, 21.)

### III. ARGUMENT

#### A. Legal Standards

"On a motion to dismiss a complaint for lack of personal jurisdiction, the plaintiff bears the burden of establishing personal jurisdiction." *Perez v. United States*, 103 F. Supp. 3d 1180, 1196 (S.D. Cal. 2015) (citing *Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.,* 907 F.2d 911, 912 (9th Cir.1990)). In a motion to dismiss based on written materials, Plaintiffs "need only make a prima facie showing of jurisdictional facts." *Id.* (citing *Dole Food Co. v. Watts,* 303 F.3d 1104, 1108 (9th Cir. 2002)). Nonetheless, "[a] plaintiff may not simply rest on the 'bare allegations of [the] complaint.'" *Ranza v. Nike, Inc.*, 793 F.3d 1059, 1068 (9th Cir. 2015) (quoting *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797, 800 (9th Cir. 2004)).

"The Due Process Clause of the Fourteenth Amendment constrains a State's authority to bind a nonresident defendant to the judgment of its courts." *Walden v. Fiore,* 571 U.S. 277, 283 (2014) (citing *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 291 (1980)). Therefore, a nonresident defendant "generally must have 'certain minimum contacts . . . such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Id.* (quoting *International Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945)). "Because California's long-arm jurisdictional statute is coextensive with federal due process requirements, the jurisdictional analyses under state law and federal due process are the same." *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004).

7

### B. Defendants Are Not Subject to Personal Jurisdiction in California.

*1. Defendants are not subject to general personal jurisdiction.*

As an initial matter, none of the defendants are subject to general personal jurisdiction in California. "A state court may exercise general jurisdiction only when a defendant is 'essentially at home' in the State." *Ford Motor Co. v. Montana Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024, 209 L. Ed. 2d 225 (2021) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). In "the 'paradigm' case, an individual is subject to general jurisdiction in her place of domicile. And the 'equivalent' forums for a corporation are its place of incorporation and principal place of business." *Id.* (citing *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)). The same applies to limited liability entities like TBL. *See Daimler AG*, 571 U.S. at 139 (relying on principal place of business of Mercedes-Benz USA, LLC to analyze general jurisdiction).

Plaintiffs admit that the Individual Defendants are both domiciled in Arizona, and that TBL is an Arizona limited partnership with its principal place of business in Arizona. (Compl. ¶¶ 5-7.) Further, TBL's partners are all citizens of Arizona. (Compl. ¶ 7.) The Complaint asserts no allegations that any of the defendants have sufficient contacts to confer general jurisdiction in this Court. Certainly nothing suggests Defendants are "essentially at home" in California.

*2. Defendants are not subject to specific personal jurisdiction.*

"The inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant 'focuses on the relationship among the defendant, the forum, and the litigation.'" *Walden*, 571 U.S. at 283-84 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 775 (1984)). The Supreme Court has identified "[t]wo aspects" of the "necessary relationship" between the nonresident defendant and the forum State: "First, the relationship must arise out of contacts that the 'defendant himself' creates with the forum State," rather than any contacts that the plaintiff or third parties may have with the forum state. *Id.* at 284 (quoting *Burger*

*King Corp. v. Rudzewicz,* 471 U.S. 462, 475 (1985)). "Second, [the] 'minimum contacts' analysis looks to the defendant's contacts with the forum State itself, ***not the defendant's contacts with persons who reside there***." *Id.* at 285 (emphasis added). Thus, "***the plaintiff cannot be the only link between the defendant and the forum***. Rather it is the defendant's conduct that must form the necessary connection with the forum State that is the basis for its jurisdiction over him." *Id.* (emphasis added).

The Ninth Circuit applies "a three-prong test for analyzing a claim of specific personal jurisdiction[.]" *Schwarzenegger,* 374 F.3d at 802. First "the non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws." *Id.* Second, "the claim must be one which arises out of or relates to the defendant's forum-related activities." *Id.* And third, "the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable." *Id.* "The plaintiff bears the burden of satisfying the first two prongs of the test." *Id.* "If the plaintiff succeeds in satisfying both of the first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable." *Id.* Here, all three prongs indicate that California does not have jurisdiction over any of the defendants.[1]

        a.    *The Court cannot exercise specific personal jurisdiction over Todd Belfer.*

Todd Belfer's name appears in only a handful of Paragraphs in the entire Complaint. It is alleged that he met with Plaintiffs' agent in Scottsdale, Arizona and "recommended to Hudson that he retain Weiss Brown, an Arizona law firm."

---

[1] At the meet and confer, Plaintiffs' counsel suggested that this Court has personal jurisdiction over Harvey Belfer because he was served in California. The proof of service makes clear that Harvey Belfer was not personally served in California.

(Compl. ¶¶ 86, 88; *see also* Compl. ¶¶ 85-98.) He is also tacked on as a defendant to usury claims even though he is not a party to the underlying loans. (*See* Compl. ¶¶ 118-129.) Those loans are between Plaintiffs and TBL only. (*See* Compl. ¶¶ 18, 32, 122.) Plaintiffs try to tie Todd Belfer into this claim by alleging, "Such money paid by Plaintiffs to TBL (and distributed to Harvey Belfer and Todd Belfer, along with the other partners of TBL) . . . ." (Compl. ¶ 125.) But this allegation alone cannot possibly confer personal jurisdiction; otherwise, an attenuated chain of payments could cast a jurisdictional net that far exceeds the Constitutional scope of the long-arm statute.

Bottom line, Todd Belfer did not purposefully direct his activities towards California and nothing in the Complaint suggests he did. As the Supreme Court made clear in *Walden*, "the plaintiff cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285. Todd Belfer allegedly "recommend[]" to Hudson that he retain "an Arizona law firm" at a meeting in Arizona. There is no purposeful direction towards California ***at all***. Because Todd Belfer is not alleged to have done ***anything*** in California, specific jurisdiction is not reasonable, and the Court should dismiss Todd Belfer as a defendant for lack of personal jurisdiction.

> b. *The Court cannot exercise specific personal jurisdiction over Harvey Belfer.*

Similarly, the Court cannot exercise personal jurisdiction over Harvey Belfer. Plaintiffs' fraud allegations against Harvey Belfer turn on discussions held over breakfast at the Morning Squeeze—in Scottsdale. (Compl. ¶¶ 58-78.) And like the allegations against Todd Belfer, Plaintiffs add Harvey Belfer as a defendant to usury claims even though he is not a party to the underlying loans. (*See* Compl. ¶¶ 118-129.) Nothing in these allegations establish the necessary elements to establish specific personal jurisdiction over Harvey Belfer.

Harvey Belfer did not purposefully direct his activities towards California. As the Supreme Court made clear in *Walden*, "the plaintiff cannot be the only link

between the defendant and the forum." *Walden*, 571 U.S. at 285. Because Plaintiffs cannot be the link between Harvey Belfer and California, he has not "purposefully directed" any actions towards California *at all*. Instead, Plaintiffs try to create the illusion of jurisdiction through contracts executed *by TBL*, not Harvey Belfer.

Like his son Todd, Harvey Belfer is also tacked on as a defendant to usury claims even though he is not a party to the underlying loans. (*See* Compl. ¶¶ 118-129.) Again, the loans are between Plaintiffs and TBL only. (*See* Compl. ¶¶ 18, 32, 122.) Plaintiffs try to tie Harvey Belfer into this claim by alleging, "Such money paid by Plaintiffs to TBL (and distributed to Harvey Belfer and Todd Belfer, along with the other partners of TBL) . . . ." (Compl. ¶ 125.) But as shown above, this allegation alone cannot possibly confer personal jurisdiction.

If Harvey Belfer did not direct his activities at California, those events could not arise out of events in California. Accordingly, Plaintiffs cannot satisfy the second prong of the *Schwarzenegger* test. And because Harvey Belfer is not alleged to have done *anything* in California, specific jurisdiction is not reasonable.

For these reasons, the Court should dismiss Harvey Belfer as a defendant for lack of personal jurisdiction.

    c. *The Court cannot exercise specific personal jurisdiction over TBL.*

Like the other Defendants, TBL is an Arizona resident. And because all of the allegations in the Complaint demonstrate that TBL's agents acted *exclusively* in Arizona, personal jurisdiction is improper. Plaintiffs cannot establish the first prong of the Ninth Circuit *Schwarzenegger* test because TBL has not purposefully directed its activities towards California. At most, the Complaint asserts that TBL, entered into contracts with California businesses. ***But that is not enough to justify personal jurisdiction***. As the Supreme Court made clear in *Walden*, "the plaintiff cannot be the only link between the defendant and the forum." *Walden*, 571 U.S. at 285. Accordingly, the fact that TBL did business with California entities is

insufficient for purposes of jurisdictional analysis. (If it were, Apple and Google would drive nearly every company in the world into the jurisdictional embrace of the California state and federal courts.)

As for the loan agreements between TBL and Plaintiffs, "if a contract forms the basis for specific jurisdiction, then it should be one which 'envision[s] continuing and wide-reaching contacts with the forum state.'" *Breakey v. Lindsey*, No. 219CV00620TLNKJN, 2020 WL 1307042, at *4 (E.D. Cal. Mar. 19, 2020) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 480 (1985)). "[T]he formation of a contract with a nonresident defendant is not, standing alone, sufficient to create jurisdiction." *Boschetto v. Hansing*, 539 F.3d 1011, 1017 (2008) (citing *Burger King*, 471 U.S. at 478). Here, the loan agreements established only that TBL would loan money to Plaintiffs; they did not contemplate TBL otherwise doing business in California. Thus, TBL directed its activities ***at Arizona*** (their home state), rather than California.

Even if Plaintiffs could satisfy the first prong of the Ninth Circuit's test, they would fail with respect to the second prong. Plaintiffs' claims arise out of events that took place in Arizona: meetings that took place in Arizona, work done by Arizona lawyers in Arizona, and an alleged attempt to set up a competing business in Arizona. *See supra* Section I (B). In addition, Plaintiffs' claims relate, almost entirely, to agreements that Plaintiffs admit were governed by Arizona law. (Compl. ¶¶ 18, 20-21.) Plaintiffs' claims are notably ***not*** based on events that took place during any of the Defendants' visits to California. Nor do Plaintiffs allege that TBL signed the loan agreements in California, that TBL traveled to California to discuss the loan agreements with Plaintiffs, or that TBL used California lawyers to allegedly prepare documents that would be unfair to Plaintiffs.

Finally, California's exercise of jurisdiction over Defendants would not be reasonable. The Ninth Circuit has identified the following factors "to be considered in determining whether the exercise of jurisdiction over a nonresident

defendant satisfies the reasonableness test: 1) the extent of the defendant's purposeful interjection into the forum state's affairs; 2) the burden on the defendant; 3) conflicts of law between the forum and defendant's home jurisdiction; 4) the forum's interest in adjudicating the dispute; 5) the most efficient judicial resolution of the dispute; 6) the plaintiff's interest in convenient and effective relief; and 7) the existence of an alternative forum." *Roth v. Garcia Marquez,* 942 F.2d 617, 623 (9th Cir. 1991). The seven factors are balanced, with no one factor being dispositive. *Id.*

Here, the Ninth Circuit's factors weigh in TBL's favor. First, TBL has not purposefully interjected itself into California affairs; instead, it simply agreed to lend money to California entities, and entered into agreements to that effect, with the majority of the agreements being governed by Arizona law. Second, as an Arizona resident, TBL should not be forced to travel to California repeatedly to litigate a case that it did not initiate. Third, with respect to factors 4 and 5, this is a case where the relevant events took place in Arizona, and where documents and witnesses will be found primarily in Arizona. As for factors 6 and 7, the District of Arizona is a forum that Plaintiffs could easily travel to—***indeed by their own admission Plaintiffs traveled to Arizona frequently in the course of events relevant to this case***. Thus, there is no reason Plaintiffs cannot get convenient and effective relief in Arizona.

Because the three prongs of the Ninth Circuit's test all indicate that California lacks specific personal jurisdiction over TBL, Plaintiffs' Complaint should be dismissed for lack of personal jurisdiction under Rule 12(b)(2).

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss Plaintiffs' Complaint for lack of personal jurisdiction or, in the alternative, transfer the case to the District of Arizona for further proceedings.

DATED this 15th day of September, 2021.

KERCSMAR FELTUS & COLLINS PLLC

By: */s/Eric B. Hull*
Eric B. Hull
8200 Wilshire Boulevard, Suite 222
Beverly Hills, California 90211
*Attorneys for Defendants Harvey Belfer, Todd Belfer, and To Be Limited Partnership*

## **DECLARATION OF SERVICE**

I, Marina Gonzales, hereby declare as follows in accordance with L.R. 5-3.1.2. On September 15, 2021, I served the foregoing Notice of Motion to Dismiss for Lack of Personal Jurisdiction and Memorandum in Support on the following counsel of record at the address below via First Class Mail:

Jeffrey Huron
Thi Hoang Ho
**DYKEMA GOSSETT PLLC**
333 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
*Attorneys for Plaintiffs Paragon Technology & Development, Inc. and Gatsby Enterprises, Inc.*

By: *s/ Marina Gonzales*