**DYKEMA GOSSETT LLP**
JEFFREY G. HURON, State Bar No. 136585
  *JHuron@dykema.com*
THI HOANG HO, State Bar No. 293978
  *THo@dykema.com*
333 South Grand Avenue, Suite 2100
Los Angeles, California 90071
Telephone: (213) 457-1800
Facsimile: (213) 457-1850

Attorneys for Plaintiffs,
PARAGON TECHNOLOGY AND
DEVELOPMENT, INC. and GATSBY
ENTERPRISES, INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| PARAGON TECHNOLOGY & DEVELOPMENT, INC. a Delaware Corporation; GATSBY ENTERPRISES, INC., a California Corporation,<br><br>     Plaintiffs,<br><br>     v.<br><br>HARVEY BELFER, an Individual; TODD BELFER, an Individual; TO BE LIMITED PARTNERSHIP, an Arizona Limited Partnership; and Does 1-10,<br><br>     Defendants. | Case No. 2:21-cv-02547-JFW-MAA<br><br>**PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12(b)(2)**<br><br>Date:     October 18, 2021<br>Time:     1:30 p.m.<br>Crtrm.:   7A<br><br>The Hon. John F. Walter<br><br>Trial Date:       Not set |

*Sidebar (vertical text):* DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

121739.000003  4840-0494-3612.1

1

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12(b)(2)

1

**TABLE OF CONTENTS**

2  I.    INTRODUCTION ........................................................................ 6

3  II.   STATEMENT OF JURISDICTIONAL FACTS ............................. 7

4        A.    The Relationship Among the Parties ..................................... 7

5        B.    The Agreements Among the Parties Governed by California Law ........ 8

6        C.    Defendants' Conspiracy to Take Over the Company .......................... 10

7  III.  ARGUMENT ............................................................................. 10

8        A.    This Court Has Personal Jurisdiction Over Defendants ...................... 11

9              1.    Defendants Have Purposely Availed Themselves of and/or

10                   Directed Their Activities at This Forum.................................... 12

11                   a.    Defendant TBL Availed Itself of the Benefits and

12                         Protections of California Law Through Its Contracts

13                         with Plaintiffs ................................................................ 12

14                   b.    Defendant TBL Has Availed Itself of the Protections

15                         of a California Federal Court in a Related Action ........... 16

16                   c.    All the Defendants Committed Intentional Acts

17                         Directed at Causing Harm in this Forum ........................ 17

18             2.    The Claims Arise Out of Defendants' Forum-Related

19                   Activity ................................................................................ 19

20             3.    The Exercise of Jurisdiction Would Be Reasonable ................. 20

21       B.    Alternatively, Plaintiffs Should Be Granted the Opportunity to

22             Conduct Jurisdictional Discovery and to Amend Their Complaint ..... 22

23  IV.   CONCLUSION ......................................................................... 233

24

25

26

27

28

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

121739.000003  4840-0494-3612.1

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Ballard v. Savage,*
    65 F.3d 1495 (9th Cir. 1995) ............................................................. 19

*Bancroft & Masters, Inc. v. Augusta Nat. Inc.,*
    223 F.3d 1087 (9th Cir. 2000) .......................................................... 17

*Brainerd v. Governors of the Univ. of Alberta,*
    873 F.2d 1257 (9th Cir. 1989) ..................................................... 17, 20

*Burger King Corp. v. Rudzewicz,*
    471 U.S. 462 (1985) ................................................................ passim

*California Software, Inc. v. Reliability Research, Inc.,*
    631 F. Supp. 1356 (C.D. Cal. 1986) .................................................. 19

*CollegeSource, Inc. v. AcademyOne, Inc.,*
    653 F.3d 1066 (9th Cir. 2011) ..................................................... 11, 20

*Daimler AG v. Bauman,*
    571 U.S. 117 (2014) ...................................................................... 7

*Decker Coal Co. v. Commonwealth Edison Co.,*
    805 F.2d 834 (9th Cir. 1986) ..................................................... 13, 14

*Directv, Inc. v. EQ Stuff, Inc.,*
    207 F. Supp. 2d 1077 (C.D. Cal. 2002) (California has substantial interest
    in effective redress for residents) .................................................. 21

*Dole Food Co., Inc. v. Watts,*
    303 F.3d 1104 (9th Cir. 2002) ..................................................... 18, 20

*Fireman's Fund Ins. Co. v. Nat'l Bank of Cooperatives,*
    103 F.3d 888 (9th Cir. 1996) ..................................................... 16, 21

*Gemcap Lending, LLC v. Fantasy Diamond, Corp.,*
    No. CV0907613RGKCTX, 2009 U.S. Dist. LEXIS 139136 (C.D. Cal.
    Dec. 23, 2009) .......................................................................... 15

*Gordy v. Daily News, L.P.,*
    95 F.3d 829 (9th Cir. 1996) ............................................................. 19

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

3

*International Shoe v. Washington*,
  326 U.S. 310 (1945) ................................................................................. 11

*j2 Global Communications, Inc. v. Vitelity Communications, LLC*,
  2012 U.S. Dist. LEXIS 51793 (C.D. Cal. Apr. 12, 2012) ................................ 22

*Lake v. Lake*,
  817 F.2d 1416 (9th Cir. 1987) ...................................................................... 18

*Lindora, LLC v. Isagenix Int'l, LLC*,
  198 F. Supp. 3d 1127 (S. D. Cal. 2016) ........................................................... 7

*Metro. Life Ins. Co. v. Neaves*,
  912 F.2d 1062 (9th Cir. 1990) ...................................................................... 19

*Nissan Motor Co., Ltd. v. Nissan Computer Corp.*,
  89 F.Supp.2d 1154 (C.D. Cal. 2000) .................................................... 13, 14, 20

*Panvision Intl. L.P. v. Toeppen*,
  141 F.3d 1316 (9th Cir. 1998) .............................................................. 11, 17, 21

*Peterson v. Highland Music, Inc.*,
  140 F.3d 1313 (9th Cir. 1998) ...................................................................... 13

*Picot v. Weston*,
  780 F.3d 1206 (9th Cir. 2015) ...................................................................... 13

*RHUB Communications, Inc. v. Karon*,
  No. 16-cv-06669, 2017 WL 3382339 (N.D. Cal. Aug. 7, 2017) ...................... 18

*Rio Props., Inc. v. Rio Intern. Interlink*,
  284 F.3d 1007 (9th Cir. 2002) ...................................................................... 10

*Roth v. Garcia Marquez*,
  942 F.2d 617 (9th Cir. 1991) ....................................................................... 20

*S.E.C. v. Ross*,
  504 F.3d 1130 (9th Cir. 2007) ...................................................................... 14

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) .............................................................. 11, 12, 17

*Stewart v. Screen Gems–EMI Music, Inc.*,
  81 F.Supp.3d 938 (N. D. Cal. 2015) ................................................................ 7

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

121739.000003  4840-0494-3612.1

*To Be Limited v. Jude Hudson et al.*,
   Case No. CV 20-3238-JFW........................................................................6, 16

*Wash. Shoe Co. v. A-Z Sporting Goods Inc.*,
   704 F.3d 668 (9th Cir. 2012) ....................................................................10, 22

*Wells Fargo & Co. v. Wells Fargo Exp. Co.*,
   556 F.2d 406 (9th Cir. 1977) ..........................................................................22

*Yahoo! Inc. v. LaLigue Contre Le Racisme Et L'Antisemitisme*,
   433 F.3d 1199 (9th Cir. 2006) .........................................................................12

**RULES**

Fed. R. Civ. P. 4(k)(1)(A)........................................................................................11

Fed. R. Civ. P. 12(b)(2) ...........................................................................6, 7, 10, 11, 22

**STATUTES**

Cal. Civ. Code § 410.10...........................................................................................11

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12(b)(2)

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

1   Plaintiffs Paragon Technology & Development, Inc. ("Paragon") and Gatsby

2   Enterprises, Inc. ("Gatsby") (together with Paragon, "Plaintiffs" or the "Company")

3   hereby submit their Opposition to the Motion to Dismiss filed pursuant to Federal

4   Rule of Civil Procedure 12(b)(2) by defendants Harvey Belfer, Todd Belfer, and To

5   Be Limited Partnership ("TBL") (collectively, "Defendants").

6   **I.      INTRODUCTION**

7   Since 2018, Plaintiffs have had their principal place of business in California.

8   Plaintiffs' officers, including their founders, Jude Hudson and Rosalie Hudson, as

9   well as the vast majority of Plaintiffs' employees (near 75%) reside and work for the

10  Company in California.  Defendants *knew* this.  Defendants had *ongoing* business

11  dealings with Plaintiffs pursuant to continuing agreements in which Defendants

12  loaned Plaintiffs money for their operations based in California and through which

13  Defendants gained a minority shareholder stake in the Company.  In connection with

14  these ongoing business dealings, Defendants communicated with Plaintiffs and

15  Plaintiffs' officers in California on a routine basis *for years*.

16  And significantly, Defendant TBL entered into numerous agreements with

17  Plaintiffs, *governed by California law*, in which TBL submitted to the jurisdiction of

18  California courts.  Indeed, defendant TBL even commenced suit in this same court in

19  the related matter entitled, *To Be Limited v. Jude Hudson et al.*, Case No. CV 20-

20  3238-JFW (MAAx) – as part of which, TBL's partners, Harvey and Todd Belfer, have

21  been deposed and designated as witnesses at trial in this same jurisdiction.

22  Defendants intentionally, inexorably aimed their wrongful conduct at

23  Plaintiffs' business based in California.  Under these circumstances, jurisdiction over

24  Defendants in California is both reasonable and fair.  Defendant's Motion to Dismiss

25  should, therefore, be denied.

26

27

28

121739.000003 4840-0494-3612.1

6

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12(b)(2)

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

## II.   STATEMENT OF JURISDICTIONAL FACTS[1]

### A.   The Relationship Among the Parties

Plaintiff Paragon is a Delaware corporation with its principal place of business in Los Angeles County, California.  Comp., ¶ 3.  Plaintiff Gatsby is a California corporation with its principal place of business in Los Angeles County, California. *Id*., ¶ 4.  The vast majority (near 75%) of Plaintiffs' employees reside in Los Angeles County or the southern California area, including Rosalie Hudson, Plaintiffs' chief executive officer, and Jude Hudson, a director at Plaintiffs (together, the "Hudsons"). Hudson Decl., ¶¶ 5, 7.

The Hudsons founded the Company in 2013.  Hudson Decl., ¶ 2.  At that time, the Hudsons resided in Arizona. *Id*.  In 2014, Jude Hudson met Harvey Belfer, a well-known businessman and lender in the Arizona area. *Id*., ¶ 3.  On account of the notorious difficulty of businesses in the adult entertainment industry, such as Plaintiffs, to obtain traditional financing, and the fact that the Company was just starting out, the Hudsons were compelled to deal with Harvey Belfer and Todd Belfer, and their limited partnership, TBL, to obtain financing for the Company.  Compl., ¶ 7; Hudson Decl., ¶ 3.

Over the course of five years, from April 2014 through December 2019, TBL loaned Paragon both separately and together with Gatsby some 14 loans at extraordinarily high rates ranging from 15-30%.  Compl., ¶¶ 18-20; Hudson Decl., ¶ 4.  In addition, although not stated anywhere on the loan agreements, TBL requested

---

[1] Plaintiffs hereby incorporate by reference all of the factual allegations in the Complaint.  In addition, Plaintiffs also rely for purposes of this Opposition on the Declaration of Jude Hudson ("Hudson Decl.") filed concurrently herewith. *See Lindora, LLC v. Isagenix Int'l, LLC*, 198 F. Supp. 3d 1127, 1135 (S. D. Cal. 2016) ("In resolving a Rule 12(b)(2) motion, the court may consider evidence outside the pleadings, including affidavits and other materials submitted on the motion.") (citing *Daimler AG v. Bauman*, 571 U.S. 117, 123 (2014)); *Stewart v. Screen Gems–EMI Music, Inc*., 81 F.Supp.3d 938, 951–52 (N. D. Cal. 2015) (providing that legal standard governing Rule 12(b)(2) motions permits district court to consider relevant materials outside pleadings without taking judicial notice of those materials).

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

that Plaintiffs provide it additional equity in Paragon as "sweeteners" for the October 1, 2015 and December 2, 2016 loans.  Compl., ¶ 25.  Harvey Belfer also requested that Paragon issue 5% equity to Todd Belfer in connection with the January 17, 2019 loan as an additional sweetener.  *Id.*, ¶ 27.  Plaintiffs therefore delivered a stock certificate for 5% equity in Paragon to Todd Belfer in connection with the January 17, 2019 loan, which Todd  Belfer later transferred to TBL.  *Id.*, ¶ 28.

In or around October 2017 the Hudsons moved from Arizona to Los Angeles, California with the intention of moving Paragon's operations  to California.  Hudson Decl., ¶ 5.  Defendants were aware of this move, and Harvey Belfer even encouraged it.  *Id*.

Since August 2018, California has been Paragon's principal place of business.  *Id.*, ¶ 6.  And, in May 2019, the Hudsons founded and incorporated Gatsby under California law as a wholly-owned subsidiary of Paragon, of which Defendants were also informed.  *Id*.

In connection with Plaintiffs' ongoing business dealings with Defendants, including negotiation of various agreements with TBL, Plaintiffs have had countless communications by phone and email with Harvey and Todd Belfer.  Compl., ¶ 12(f)-(g); Hudson Decl., ¶ 8; Request for Judicial Notice ("RJN"), Ex. A, ¶ 6.

### B. <u>The Agreements Among the Parties Governed by California Law</u>

In particular, on or around August 29, 2019, TBL and Plaintiffs entered into the Amended and Restated Promissory Note ("Promissory Note"), pursuant to which TBL agreed to amend and restate nine of the previous thirteen notes between the parties – *some* of which were governed by Arizona law – by *replacing* those notes with the Promissory Note governed by California law.  Compl., ¶¶ 18, 21; Hudson Decl., Ex. A, Section 16.

The Promissory Note also contains a jurisdiction and venue clause in which the parties expressly stipulated they would be subject to jurisdiction in California, and that the forum for any disputes shall be Los Angeles County, California.  *See id.*,

121739.000003  4840-0494-3612.1

8

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

Section 18.  Specifically, Section 18 of the Promissory Note provides:

> Borrower [Plaintiffs] and Lender [TBL] hereby expressly agree that in the event any actions or other legal proceedings are initiated by or against Borrower or Lender involving any alleged breach or failure by any party to pay, perform, or observe any sums, obligations, or covenants to be paid, performed, or observed by it under this Note or the Pledge Agreement, or involving any other claims or allegations arising out of the transactions evidenced or contemplated by this Note or the Pledge Agreement . . . ***shall be brought in Los Angeles County, California***; and ***Borrower and Lender hereby submit to the <u>exclusive jurisdiction of the state of California</u>*** for such purposes and agree that the ***venue of such actions or proceedings shall properly lie in Los Angeles County, California***; and ***Borrower and Lender hereby waive any and all defenses in such jurisdiction and venue***.

*Id.* (emphases added).

In connection with the Promissory Note, TBL and Plaintiffs entered into the Security Agreement and the Securities Pledge Agreement, both governed by California law.  *See* Hudson Decl., Ex. B, Section 9.6; Ex. C, Section 10.6.  The Securities Pledge Agreement also contains the following venue clause:

> The Parties hereby ***irrevocably and unconditionally submit to the exclusive jurisdiction of the state courts of California and to the jurisdiction of the United States District Court for the Central District of California*** for the purpose of any suit, action, or other proceeding arising out of or based upon this Agreement.

Hudson Decl., Ex. C, Section 10.6.

In addition, on or around December 17, 2019, TBL, Plaintiffs, and the Hudsons entered into the Forbearance Agreement.  Pursuant to this Agreement, TBL agreed to forbear on its rights under certain agreements between Plaintiffs in return for certain commitments by Plaintiffs; TBL also agreed to provide additional funding to continue the operations of the Company.  Hudson Decl., Ex. D.  The parties to the Forbearance Agreement agreed it would be construed exclusively in accordance with and governed by the laws of California.  *Id.*, Section 6.

///

///

121739.000003 4840-0494-3612.1

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12(b)(2)

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

### C.   Defendants' Conspiracy to Take Over the Company

Among the countless wrongful acts committed by Defendants, the most egregious was their planned takeover of the Company.  In October 2018, Defendants caused James Power and Jeff Swisher, who were employees of the Company in charge of operations and payouts, to leave the Company and use their proprietary knowledge to set up a new competing entity called 4TH POWER TECHNOLOGY LLC ("4th Power").  Compl., ¶ 35.

Then, in March 2019, Harvey Belfer and Todd Belfer urged Plaintiffs to hire Robert Lunny as CFO.  *Id*., ¶ 37.  Harvey Belfer and Todd Belfer heralded Lunny as a business and financial wizard, when really his mission was to serve as Defendants' "eyes and ears" in the Company and to initiate events that would likely have caused Plaintiffs to default on loan payments to TBL, which would then have provided TBL with all of Plaintiffs' shares and the ability to quickly sell the company for a large profit.  *Id*.; *see also* RJN, Ex. A.

Concurrently with Robert Lunny's installation as an officer and director of Paragon, Todd Belfer and TBL recommended that Plaintiffs retain a Scottsdale law firm, WEISS BROWN, PLLC ("Weiss Brown"), to draft loan documents that would have effectively ceded control of Plaintiffs to Defendants.  *Id*., ¶ 39.  Neither Weiss Brown nor any of the Defendants informed Plaintiffs that Weiss Brown had represented Todd Belfer and his investment company in the past.  *Id*., ¶ 40.

### III.   ARGUMENT

On a motion made pursuant to Rule 12(b)(2), a plaintiff need only make "a *prima facie* showing of jurisdictional facts."  *Wash. Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 671-72 (9th Cir. 2012).  Uncontroverted allegations in a plaintiff's complaint must be taken as true and construed in the light most favorable to the plaintiff.  *See Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

///

121739.000003  4840-0494-3612.1

Defendants have not submitted any evidence controverting the allegations in the Complaint, which must therefore be taken as true and construed in Plaintiffs' favor. *See id.* As demonstrated below, Plaintiffs have more than met their burden of establishing a *prima facie* showing of personal jurisdiction over Defendants. Defendants' motion to dismiss under Rule 12(b)(2) should therefore be denied.

### A.    This Court Has Personal Jurisdiction Over Defendants

The Court has the power to exercise personal jurisdiction to the extent authorized by the laws of the states in which it sits. Fed. R. Civ. P. 4(k)(1)(A); *see also Panvision Intl. L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998). Because California's long-arm statute (Cal. Civ. Code § 410.10) authorizes jurisdiction coextensive with the due process clause of the Constitution, "the jurisdictional analyses under state law and federal due process are the same." *CollegeSource, Inc. v. AcademyOne, Inc.*, 653 F.3d 1066, 1073 (9th Cir. 2011) (internal citation and quotation omitted). "For a court to exercise personal jurisdiction over a nonresident defendant consistent with due process, that defendant must have 'certain minimum contacts' with the relevant forum 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Id.* (quoting *International Shoe v. Washington*, 326 U.S. 310, 316 (1945)).

There are two bases for exercising personal jurisdiction over a nonresident: (1) "general jurisdiction" where a defendant's activities in the forum are "continuous and systematic"; and (2) "specific jurisdiction" where a defendant's specific contacts with the forum give rise to a claim. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801-02 (9th Cir. 2004). Here, Defendants are subject to this Court's specific jurisdiction.

The Ninth Circuit uses a three-prong test for analyzing a claim of specific personal jurisdiction:

(1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

121739.000003  4840-0494-3612.1

11

some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, *i.e.* it must be reasonable. *Id.*

If the plaintiff succeeds in satisfying the first two prongs, the burden then shifts to the defendant to "present a compelling case" that the exercise of jurisdiction would not be reasonable. *Id.* (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476–78 (1985)). For the reasons discussed below, Plaintiffs have made their *prima facie* showing of jurisdictional facts meeting the first two prongs of the test for specific jurisdiction.

> 1. <u>Defendants Have Purposely Availed Themselves of and/or Directed Their Activities at This Forum</u>

The first prong of the specific jurisdiction test is satisfied if the defendant performs an act by which it *avails* itself of the protections of the forum's laws or *purposefully directs* its activities at a forum resident. The test for this first prong differs depending on the underlying claim, *i.e.* courts use different tests for actions sounding in contract and those sounding in tort. *See Yahoo! Inc. v. LaLigue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1206 (9th Cir. 2006).

As discussed below, under either test, Plaintiffs have shown that Defendants purposely availed themselves of the protections of California law and/or purposely directed their wrongful conduct at residents of California, thereby causing harm in California.

> a. *Defendant TBL Availed Itself of the Benefits and Protections of California Law Through Its Contracts with Plaintiffs*

///

121739.000003 4840-0494-3612.1

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

The "purposeful availment" test for actions sounding in contract is meant to determine whether "the defendant's conduct and connection with the forum State are such that [it] should reasonably anticipate being haled [*sic*] into court there." *Burger King*, 471 U.S. at 474. This element protects a nonresident from being sued in a court solely because of random, fortuitous or attenuated" contacts over which it had no control. *Id*. at 476. A plaintiff need only show that it was "reasonably" foreseeable that the defendant could be sued in the forum if a dispute arose. *Id*. at 474 (emphasis added).

Defendant TBL's contacts with California were targeted and continuous – thus, anything but "random, fortuitous or attenuated." *See id*. at 476. TBL is managed by defendant Harvey Belfer, a sophisticated and experienced lender. *See* Hudson Decl., ¶ 3. TBL's other limited partner, Todd Belfer, is also an experienced businessman. *See* Compl., ¶ 87. ***All*** the Defendants ***knew*** that Plaintiffs are headquartered in California, that Plaintiffs do business in California, and that plaintiff Gatsby is a California corporation. Hudson Decl., ¶¶ 5-6, Ex. A. And, with this knowledge, TBL entered into *numerous* agreements with Plaintiffs, governed by California law, pursuant to which it gained equity in the Company and became a minority shareholder.

"[C]ontract negotiations are ***classic*** examples of the sort of contact that can give rise to *in personam* jurisdiction." *Peterson v. Highland Music, Inc*., 140 F.3d 1313, 1320 (9th Cir. 1998); *see also Picot v. Weston*, 780 F.3d 1206, 1212 (9th Cir. 2015) (in conducting a jurisdictional analysis, courts look for "affirmative conduct which allows or promotes the transaction of business within the forum state").[2] The

---

[2] Defendants argue that the formation of a contract with a nonresident defendant, standing alone, is insufficient to establish jurisdiction. Mot. to Dismiss, p. 12. But here, there are several additional factors, which Defendants ignore. As discussed *infra*, TBL agreed to the choice of California law and venue and consented to the exclusive jurisdiction of California courts. This is more than enough for a *prima facie* showing of personal jurisdiction. *See Nissan*, 89 F.Supp.2d at 1159; *Decker Coal*, 805 F.2d at 840.

121739.000003 4840-0494-3612.1

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12(b)(2)

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

choice of California law in a contract, *by itself*, satisfies "purposeful availment" because each party became entitled to the protection of California law.   For example, in *Nissan Motor Co., Ltd. v. Nissan Computer Corp*., 89 F.Supp.2d 1154 (C.D. Cal. 2000), the defendant's contracts with a California company provided for California law.   The Court held:   "This factor alone is sufficient to establish purposeful availment."   *Id.* at 1159; *see also Decker Coal Co. v. Commonwealth Edison Co*., 805 F.2d 834, 840 (9th Cir. 1986) (making forum's law the governing law under contract "meets the purposeful availing test").

Here, TBL entered into *numerous, continuing agreements* with Plaintiffs that are governed by California law.   Notably, on approximately August 29, 2019, TBL entered into the Amended and Restated Promissory Note with Plaintiffs, pursuant to which it agreed to amend and restate *nine of the previous thirteen notes* between the parties – some of which were governed by Arizona law[3] – by *replacing* those notes with the Promissory Note *governed by California law*.   *See* Hudson Decl., Ex. A, Section 16; Compl. ¶¶ 18, 21.

The Promissory Note also contains a forum selection and venue clause in which *the parties expressly stipulated they would be subject to jurisdiction in California*, and that the forum for any disputes shall be Los Angeles County, California.   *See* Hudson Decl., Ex. A, Section 18.   Specifically, Section 18 of the Promissory Note provides:

> Borrower [Plaintiffs] and Lender [TBL] hereby expressly agree that in the event any actions or other legal proceedings . . . *shall be brought in Los Angeles County, California*; and *Borrower and Lender hereby submit to the exclusive jurisdiction of the state of California* for such purposes and agree that the *venue of such actions or proceedings shall properly lie in Los Angeles County, California*; and *Borrower and Lender hereby waive any and all defenses in such jurisdiction and venue*.

---

[3] Contrary to Defendants' mischaracterizations in their Motion, the *majority* of the loan agreements between TBL and Plaintiffs are governed by California law – not Arizona law – because they have been amended and restated by the Promissory Note.

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

*Id.* (emphases added).   Forum selection clauses are presumptively valid, and the acceptance of such a clause in a contract "evidences consent to personal jurisdiction in that forum." *Burger King*, 471 U.S. at 472, n. 14; *S.E.C. v. Ross*, 504 F.3d 1130, 1149 (9th Cir. 2007).

In addition, TBL entered into several other agreements with Plaintiffs in which it agreed to choice-of-law and forum selection clauses designating California.[4] Specifically:

- In connection with the Promissory Note, TBL and Plaintiffs entered into the Security Agreement and the Securities Pledge Agreement, both governed by California law.  *See* Hudson Decl., Ex. B, Section 9.6; Ex. C, Section 10.6.

- Additionally, in the Securities Pledge Agreement, the parties agreed to "***irrevocably and unconditionally submit to the exclusive jurisdiction of the state courts of California and to the jurisdiction of the United States District Court for the Central District of California*** for the purpose of any suit, action, or other proceeding arising out of or based upon this Agreement." Hudson Decl., Ex. C, Section 10.6.

- TBL also stipulated that the Forbearance Agreement would be construed exclusively in accordance with and governed by the laws of California. Hudson Decl., Ex. D, Section 6.

Thus, Plaintiffs have satisfied the purposeful availment test because, *inter alia*, (i) TBL participated in numerous California transactions; (ii) it is a minority shareholder of the Company, which has its principal place of business in California; (iii) it knew its counterparties were California residents and that its loans would be

---

[4] Defendants TBL and Harvey Belfer expressly *acknowledged* their negotiations with Plaintiffs regarding these agreements, and TBL's entry into these agreements, in a declaration filed by Harvey Belfer in the related derivative suit. *See* RJN, Ex. A, ¶¶ 7-18.

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12(b)(2)

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

1  used to fund Plaintiffs' business in California; (iv) harm from any breach of these
2  various agreements would take place in California; (v) California law protects the
3  parties; and (vi) the parties intended that California courts have jurisdiction.  *See*
4  *Gemcap Lending, LLC v. Fantasy Diamond, Corp.*, No. CV0907613RGKCTX, 2009
5  U.S. Dist. LEXIS 139136, at *9 (C.D. Cal. Dec. 23, 2009) (finding  purposeful
6  availment  where  the defendant "enter[ed] into business negotiations, transferr[ed]
7  money to California, and ma[de] representations regarding the  execution  of  the
8  Agreement").  Based on these uncontroverted facts, TBL could reasonably foresee
9  being sued in California.

10              b.      *Defendant TBL Has Availed Itself of the Protections of a*
11                      *California Federal Court in a Related Action*

12          TBL also cannot credibly argue that it had no reasonable anticipation of getting
13  hailed into court in California seeing as how ***TBL has itself commenced suit before***
14  ***this same Court*** based on purported derivative shareholder claims against Plaintiffs'
15  directors in the action entitled, *To Be Limited v. Jude Hudson et al.*, Case No. CV 20-
16  3238-JFW (MAAx).

17          The instant case is directly analogous to *Fireman's Fund Ins. Co. v. Nat'l Bank*
18  *of Cooperatives*, 103 F.3d 888, 894 (9th Cir. 1996), where the Ninth Circuit
19  considered whether personal jurisdiction was  proper over a Texas corporation. *Id.*
20  at 890-91. With  respect  to  purposeful availment, the court concluded that "by
21  entering into an agreement with [] a California corporation, and by consenting to
22  arbitrate disputes over that agreement in California, [defendant] has 'engage[d]  in
23  some  form  of  affirmative  conduct  allowing  or promoting the transaction of
24  business within the forum state.'" *Id.* at 894 (internal citation  omitted).  The
25  *Fireman's Fund* court went on to explain that  although  physical presence is not
26  necessary, defendant "*did* enter California to arbitrate its dispute."  Accordingly, the
27  court found that the defendant had purposely availed itself of the forum. *Id.* (emphasis
28  original).

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

Similarly, here, TBL entered California to commence a purported shareholder derivative suit against Plaintiffs' directors, Jude and Rosalie Hudson, which is still ongoing.  *See* Hudson Decl., ¶ 12.  By doing so, TBL **consented** to personal jurisdiction in California.  *See Fireman's Fund*, 103 F.3d at 894.

c.    *All the Defendants Committed Intentional Acts Directed at Causing Harm in this Forum*

With regard to actions sounding in tort, purposeful availment is satisfied by the "effects test":  if a nonresident, acting outside the state, intentionally causes injuries within the forum, the nonresident has purposefully availed itself of the forum. *Brainerd v. Governors of the Univ. of Alberta*, 873 F.2d 1257, 1259-60 (9th Cir. 1989).  The effects test has three elements: (1) an intentional act, (2) expressly aimed at the forum, (3) causing harm in the forum.  *Panavision Intern., L.P. v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998).

An "intentional act" refers to "an intent to perform an actual physical act in the real world, rather than an intent to accomplish a result or consequence of that act." *Schwarzenegger*, 374 F.3d at 806; *see also Bancroft & Masters, Inc. v. Augusta Nat. Inc.*, 223 F.3d 1087, 1088 (9th Cir. 2000) (sending letter from Georgia to Virginia having effect in California was intentional act).  The Complaint contains numerous allegations of Defendants' intentional acts aimed at causing Plaintiffs harm in California, including that:

- Defendants, including Harvey Belfer and Todd Belfer, in conspiring to take over the Company, installed Robert Lunny – to be employed in California – as CFO/inside-man at the Company (Compl., ¶ 36).  Harvey Belfer has also acknowledged he caused the Company to hire Lunny in a declaration filed in the derivative action (RJN, Ex. A, ¶ 6);

- Todd Belfer made misrepresentations to Jude Hudson at the Morning Squeeze that were intended to induce, and did induce, Plaintiffs to retain Weiss Brown as part of the conspiracy to take over Plaintiffs' business

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12(b)(2)

and as a result of which Plaintiffs incurred unnecessary legal fees (*id.*, ¶¶ 86-97); and

- Defendants, including Harvey Belfer and Todd Belfer, caused Plaintiffs' employees in California to leave and start a competing company (*id.*, ¶ 35).

Furthermore, Plaintiffs' conduct was expressly aimed at causing harm *in California*. "[W]hen a forum in which a plaintiff corporation has its principal place of business is in the same forum toward which defendants expressly aim their acts, the 'effects test' permits that forum to exercise personal jurisdiction." *Dole Food Co., Inc. v. Watts*, 303 F.3d 1104, 1112-14 (9th Cir. 2002). In *Dole*, the Ninth Circuit held that the defendants had expressly aimed their conduct at the forum state where they "knew that Dole's principal place of business was in California, knew that the decisionmakers for Dole were located in California, and communicated directly with those California decisionmakers." *Id.* at 1112.

So too here. All the Defendants knew that Plaintiffs' principal place of business was in California, knew that Plaintiffs' decisionmakers, the Hudsons, were located in California, and communicated directly with them. *See* Hudson Decl., ¶¶ 5-6, 8. Based on the foregoing, this Court has personal jurisdiction over all Defendants, including Harvey Belfer and Todd Belfer.   *See Dole*, 303 F.3d at 1112-14; *RHUB Communications, Inc. v. Karon*, No. 16-cv-06669, 2017 WL 3382339, at *6 (N.D. Cal. Aug. 7, 2017) (finding purposeful availment of California where defendant repeatedly communicated with California employees, attended a meeting in California, and negotiated an agreement with a company based in California).

Defendants erroneously rely on the argument that because Harvey Belfer and Todd Belfer are "not alleged to have done anything in California," specific jurisdiction does not lie over them. Mot. to Dismiss, pp. 11-12. First, this is simply not true; the Complaint *does* contain allegations that defendant Harvey Belfer entered into agreements in California and that both Harvey and Todd Belfer visited California

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

on numerous occasions for purposes of conducting business with Plaintiffs.  Compl., ¶ 12(f)-(g).

Second, the Ninth Circuit has emphasized that jurisdiction "may not be avoided by a lack of *physical contact* with the forum state."  *Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987) (emphasis added).  Even out-of-state communications, such as those made by the Belfers at the Morning Squeeze in Arizona (Compl., ¶¶ 58-62, 86-88), are sufficient to confer jurisdiction ***if they are calculated to lead to injury in California***.  *See California Software, Inc. v. Reliability Research, Inc.*, 631 F. Supp. 1356, 1361-63 (C.D. Cal. 1986) (personal jurisdiction can arise from out-of-state communications made to out-of-state residents if calculated to cause injury to resident of the state); *Metro. Life Ins. Co. v. Neaves*, 912 F.2d 1062, 1065 (9th Cir. 1990) (holding that defendant, an Alabama resident, could be sued in California because of a letter she sent to an insurance company *outside* California because defendant "was purposefully defrauding [plaintiff] *in* California") (emphasis added); *Gordy v. Daily News, L.P.*, 95 F.3d 829, 833 (9th Cir. 1996) (finding jurisdiction based on acts directed at forum resident).

The operative inquiry thus is not where Defendants committed their improper conduct, but rather, where the *effects* of Defendants' conduct were felt.  Here, it is indisputably in California.

2.   The Claims Arise Out of Defendants' Forum-Related Activity

The second prong of the specific jurisdiction analysis, *i.e.* whether the claim "arises out of" the defendant's forum-related activity, is a "but-for" test.  In their Motion, Defendants misinterpret the law and make the circular argument that Plaintiffs' claims do not arise out of Defendants' California-related activity because the events took place in Arizona.  Mot. to Dismiss, p. 12.  But that is not the legal standard.  For purposes of the test for specific jurisdiction, the issue is: "but for the Defendants' contacts with the Plaintiff, would the Plaintiff's claims have arisen?" *Ballard v. Savage*, 65 F.3d 1495, 1500 (9th Cir. 1995).

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

1    The answer here is *no*.  In this case, but for Defendants actions of, *inter alia*,
2    fraudulently inducing Plaintiffs to retain Weiss Brown and conspiring to take over
3    Plaintiffs' business, Plaintiffs would not have been damaged.  Accordingly, this prong
4    of the specific jurisdiction test has been satisfied.

5            3.    The Exercise of Jurisdiction Would Be Reasonable

6    When a plaintiff has made a *prima facie* showing that a defendant purposefully
7    directed conduct at the forum state that gives rise to the plaintiff's claims, "personal
8    jurisdiction is **presumed to be reasonable**."  *Brainerd*, 873 F.3d at 1260.  As a result,
9    the "burden shifts to [the defendant] to present a compelling case that the exercise of
10   jurisdiction   would   be   unreasonable   and   therefore   violate   due   process."
11   *CollegeSource*, 653 F.3d at 1079  (internal quotations omitted).

12   The defendant's burden is "heavy" as there is a "strong presumption of
13   reasonableness of the assertion of personal jurisdiction."  *Dole*, 303 F.3d at 1117.  The
14   factors considered are:  (1) defendant's "purposeful" interjection in the forum; (2) the
15   burden of defending in the forum; (3) any conflict with the sovereignty of defendant's
16   state; (4) the forum's interest in the dispute; (5) the most efficient judicial resolution;
17   (6) the importance of the forum to plaintiff's interest in convenient and effective
18   relief; and (7) the existence of an alternative forum.  *Burger King*, 471 U.S. at 476-
19   77.  No one factor is dispositive; the court must balance all seven.  *Roth v. Garcia*
20   *Marquez*, 942 F.2d 617, 623 (9th Cir. 1991).

21   Defendants have not, and cannot, meet their heavy burden.  Each of their
22   arguments can be easily disposed of:

23           •   First, TBL argues summarily that "it has not purposefully interjected
24               itself into California affairs . . . ."  Mot. to Dismiss, p. 13.  "Purposeful
25               interjection" is analogous to "purposeful availment."  *Nissan*, 89 F.Supp.
26               2d at 1161.  As shown above, "purposeful availment" has been satisfied
27               with regard to all Defendants under both the contract and the effects tests.
28               Therefore,  this  factor  weighs  in  favor  of  the  Court's  exercise  of

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

121739.000003  4840-0494-3612.1

jurisdiction.

- Second, Defendants assert that "as an Arizona resident, TBL should not be forced to travel to California repeatedly to litigate a case that it did not initiate." Mot. to Dismiss, p. 13.  However, by agreeing to California law, venue, and jurisdiction in TBL's agreements with Plaintiffs, TBL "indicated its willingness to resolve disputes in California." *See Fireman's Fund*, 103 F.3d at 895 (finding exercise of jurisdiction over defendants to be reasonable where they "enter[ed] California to arbitrate [their] dispute").  Significantly, as discussed above, TBL has initiated and litigated for over a year and a half a purported shareholder derivative suit against Plaintiffs' officers before this same Court.

- With respect to the fourth and fifth factors, Defendants argue "this is a case where the relevant events took place in Arizona, and where documents and witnesses will be found primarily in Arizona." Mot. to Dismiss, p. 13.  Defendants ignore that California has "a strong interest in providing an effective means of redress" for California residents. *Panavision*, 141 F.3d at 1323; *see also Directv, Inc. v. EQ Stuff, Inc.*, 207 F. Supp. 2d 1077, 1082 (C.D. Cal. 2002) (California has substantial interest in effective redress for residents).  Defendants also ignore that several of the main witnesses – Plaintiffs' officers, Jude Hudson and Rosalie Hudson, and its employees – are located in California.  Additionally, this Court is already presiding over the derivative action, and related actions, so that it is more efficient for it to adjudicate this matter as well, rather than having a separate court learn the facts and the history between the parties.

- Finally, as to the sixth and seventh factors, Defendants argue that "the District of Arizona is a forum that Plaintiffs could easily travel to . . . ." Mot. to Dismiss, p. 13.  Be that as it may, Defendants have failed

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

to meet their burden of showing that "litigation in California has been or would be 'so gravely difficult and inconvenient' as to render the court's exercise of personal jurisdiction unreasonable." *Fireman's Fund*, 103 F.3d at 895 (quoting *Burger King*, 471 U.S. at 478). Indeed, they cannot – as they are currently still litigating before this same Court in other related matters.

In sum, Defendants have failed to show why this Court's exercise of personal jurisdiction over them would be unreasonable. For this reason and all the foregoing reasons discussed, Defendants' Motion to Dismiss should be denied.

## B.   Alternatively, Plaintiffs Should Be Granted the Opportunity to Conduct Jurisdictional Discovery and to Amend Their Complaint

As discussed above, on a motion to dismiss, when the parties have not conducted discovery, a plaintiff need "only to make a *prima facie* showing" that a defendant is subject to personal jurisdiction. *Wash. Shoe Co*, 704 F.3d at 671-72. Plaintiffs have satisfied this requirement, but should the Court require additional discovery to determine jurisdiction, Plaintiffs respectfully request that the Court allow the parties to engage in jurisdictional discovery and Plaintiffs the opportunity to amend their Complaint. *See Wells Fargo & Co. v. Wells Fargo Exp. Co*., 556 F.2d 406, 430, n. 24 (9th Cir. 1977); *see also j2 Global Communications, Inc. v. Vitelity Communications, LLC*, 2012 U.S. Dist. LEXIS 51793, at *7 (C.D. Cal. Apr. 12, 2012) (plaintiff can obtain discovery on jurisdictional facts by making a "colorable" showing of personal jurisdiction).

///
///
///
///
///
///

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

121739.000003  4840-0494-3612.1

22

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12(b)(2)

## IV.   <u>CONCLUSION</u>

For the reasons stated above, this Court has personal jurisdiction over Defendants.   Therefore, Defendant's Motion to Dismiss Pursuant to Rule 12b(2) should be denied.


DATED:  September 27, 2021        DYKEMA GOSSETT LLP


By:  _____
JEFFREY G. HURON
THI HOANG HO
Attorneys for PARAGON TECHNOLOGY
AND DEVELOPMENT, INC. and
GATSBY ENTERPRISES, INC.

**DYKEMA GOSSETT LLP**
**333 SOUTH GRAND AVENUE**
**SUITE 2100**
**LOS ANGELES, CALIFORNIA 90071**

121739.000003  4840-0494-3612.1

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12(b)(2)

**PROOF OF SERVICE**

**Paragon Technology & Development, Inc. v. Harvy Belfer, et al.**
**2:21-cv-02547-JFW-MAA**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

   At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Los Angeles, State of California.  My business address is 333 South Grand Avenue, Suite 2100, Los Angeles, California 90071.

   On September 27, 2021, I served true copies of the following document(s) described as **PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12(b)(2)** on the interested parties in this action as follows:

**SEE ATTACHED SERVICE LIST**

   **BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

   I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

   Executed on September 27, 2021, at Los Angeles, California.

_____
Anna Feygin

DYKEMA GOSSETT LLP
333 SOUTH GRAND AVENUE
SUITE 2100
LOS ANGELES, CALIFORNIA 90071

121739.000003  4840-0494-3612.1

**SERVICE LIST**
Paragon Technology & Development, Inc. v. Harvey Belfer, et al.
2:21-cv-02547-JFW-MAA

Eric Blair Hull, Esq.
Kercsmar Feltus and Collins PLLC
8200 Wilshire Blvd. Suite 222
Beverly Hills, CA 90211

Email:     ebh@kfcfirm.com
Tel:       (310) 928-7885
Fax:       (480) 421-1002

*Attorneys for Defendants,*
Harvey Belfer, an individual; Todd
Belfar, an individual; To Be Limited
Partnership, an Arizona limited
partnership

**DYKEMA GOSSETT LLP**
**333 SOUTH GRAND AVENUE**
**SUITE 2100**
**LOS ANGELES, CALIFORNIA 90071**

121739.000003  4840-0494-3612.1

PLAINTIFFS' MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO DEFENDANTS'
MOTION TO DISMISS PURSUANT TO FED. R. CIV. PROC. 12(b)(2)